IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK NELLOM, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:24-cv-2974-JDW |
| | : | |
| LAWRENCE KRASNER, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

In his Amended Complaint, Frank Nellom suggests that he asserts civil rights claims, but a review of the Amended Complaint reveals that he really seeks habeas corpus relief. However, Mr. Nellom isn't in custody, so he's not eligible for habeas relief. I will therefore dismiss his complaint.

## I.   FACTUAL ALLEGATIONS[1]

In his Amended Complaint, Mr. Nellom references a criminal case, *Commonwealth v. Nellom*, CP-51-CR-0412681-1987 (C.P. Philadelphia) and asserts that a non-defendant attorney who represented him in that case, Joseph T. Molieri, "admitted racial bias resulting in Fraud upon State, and Federal Courts." (ECF No. 8 at 2.) He also asserts that Pennsylvania courts refused to enforce a decision of the Pennsylvania Superior Court in *Commonwealth v. Nellom*, 565 A.2d 770 (Pa. Super. Ct.

---

[1] The factual allegations set forth in this Memorandum are taken from Mr. Nellom's Amended Complaint (ECF No. 8.) On statutory screening, I may also consider matters of public record. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

1989). And he claims reversible error in his criminal trial on rape and involuntary deviate sexual intercourse ("IDSI") charges when the Commonwealth elicited character witness evidence on cross examination concerning the witness's knowledge of a robbery conviction.

Mr. Nellom asserts in a manner that is not entirely clear that, following the Superior Court's decision on March 12, 1991, "the third jury stated: 'not guilty then guilty.' [Mr. Nellom] was told by attorney Joseph Molieri, Jr., Assistant District Attorney Gail L. Fairman[,] and Judge Levy Anderson he was found guilty and sentenced to 20 years on June 25, 1991." (ECF No. 8 at 2.) Mr. Nellom claims that on November 8, 2012, he found out that these individuals had lied to him—presumably about the verdict, but again unclear—and filed a Post Conviction Relief Act petition in state court to "enforce" the Superior Court's mandate "[a]sserting only a verdict of guilty of both charges could be placed in the record [w]ithout violating" the Superior Court's ruling. (*Id.* at 3.) A PCRA court judge issued an order "expunging both charges from the record enforcing" the Superior Court decision. (*Id.*) The text of the order, dated June 17, 2022, reads in part:

> It being clear the not guilty and guilty verdicts that appear of record which followed the above stated law resulted in a consensual and forcible sexual intercourse finding that does not constitute a crime. Therefore, the record CP-51-CR-0412681-1987 referencing the Rape conviction shall be expunged.

(ECF No. 8 at 10.)

Although it is unclear, Mr. Nellom appears to have filed a civil action to litigate the expungement issue, and he claims that the Superior Court "conceded" and remanded his case to the Commonwealth Court "to remove the false conviction from the record and provide damages. Instead, the Commonwealth Court wrote in the (footnote) of the Order" that "even if [Mr. Nellom] had properly served the notice of appeal, the actions of the [Commonwealth] that he claims were wrongful occurred so long ago that the expiration of any applicable statute of limitations would preclude any relief." (*Id*. at 3 (first parenthetical in original).)[2]

The balance of Mr. Nellom's Amended Complaint, although labeled a civil rights complaint, appears to seek habeas corpus relief, claiming that the "illegal detention here is never ending lifetime of the injustice of prejudice being faced by design. Case ongoing since 1987." (*Id*. at 4.) He also cites Article 1, §§ 1 and 11 of the Pennsylvania Constitution and requests an order directing "the District Attorney to answer whether

---

[2] Mr. Nellom attached a portion of the Commonwealth Court decision dated June 17, 2022 to his Amended Complaint. The excerpt recounts that the Court had dismissed his appeal because he failed to respond to a "defect correction notice" about his notice of appeal. On reconsideration of the dismissal, the Commonwealth Court noted that Mr. Nellom did not correct the defect but did provide proof that he had served the appellees via email. The Court found this to be insufficient and denied the request for reconsideration noting "even if [Mr. Nellom] had properly served the notice of appeal, the actions of the Appellees that he claims were wrongful occurred so long ago that the expiration of any applicable statute of limitations would preclude any relief." (Am. Comp. at 12.)

3

the above facts are true. Warranting a writ of habeas corpus removing the false conviction from the record. Enforcing the Nellom Court Judges law." (*Id.*)

## II.   STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Amended Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

Also, when allowing a plaintiff to proceed *in forma pauperis*, a judge must review the pleadings and dismiss the matter if he determines, *inter alia*, that the action fails to set forth a proper basis for the Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A plaintiff commencing an action in federal court bears the burden of

4

establishing federal jurisdiction. See *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

## III.   DISCUSSION

### A.   *In Forma Pauperis*

After multiple tries, Mr. Nellom has filed the required financial information on the Court's form to demonstrate that he lacks the income and assets to pay the required filing fees. I will therefore grant him leave to proceed *in forma pauperis*.

### B.   Plausibility Of Claims

Mr. Nellom labels his Amended Complaint as one asserting civil rights claims. That label notwithstanding, his claim really seeks habeas corpus relief, in that he seeks an Order that will compel "the District Attorney to answer whether the above facts are true. Warranting a writ of habeas corpus removing the false conviction from the record. Enforcing the Nellom Court Judges law." (ECF No. 8 at 4.) I will therefore treat his Complaint as a petition for habeas corpus.

Mr. Nellom cannot get habeas relief because it is only available to someone "in custody." 28 U.S.C. § 2254. Mr. Nellom is not incarcerated; he provides a home address in Philadelphia in his Amended Complaint. In some circumstances, though, a petitioner can seek habeas relief if there are concrete collateral consequences from his conviction, even after he is out of custody. See *Spencer v. Kemna*, 523 U.S. 1, 13–14 (1998).

5

Mr. Nellom's unexpunged convictions for sex crimes do not entitle him to habeas relief. As a threshold matter, a federal court considering a habeas petition can only decide if a state conviction or sentence "violated the Constitution, laws, or treaties of the United States," not whether there was an error "of state law." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Expungement of a criminal record is not a right that arises under federal law; it is a question of state law that "must be sought through the state court system." *Weatherspoon v. Clarke*, No. 20-402, 2020 WL 4032135, at * 4 (E.D. Va. July 14, 2020) (internal citation omitted). In Pennsylvania, the right to expungement comes from 18 Pa.C.S.A. § 9102, not from a federal principle.[3]

Mr. Nellom's Amended Complaint also could be read to argue that the fact that his grandchildren remain in foster care, rather than in his custody, is a collateral consequence of his conviction. But that's wrong. The loss of custodial rights as a result of a criminal conviction is not "sufficient to establish that a petitioner is 'in custody' such that habeas jurisdiction would exist." *Roundtree v. New Jersey*, No. 17-581, 2017 WL 507597, at * 2 (D.N.J. Feb. 7, 2017); *see also Lee on behalf of M.C. v. Chan*, No. 23-1133, 2023 WL 4758453, at * 1 (3d Cir. 2023). Because Mr. Nellom has not shown that he's in custody and has a basis for habeas relief, I have no power to consider his claim.

---

[3] It's possible that Mr. Nellom could get expungement as part of the remedy if a federal court set aside his conviction. *See, e.g., Satterlee v. Wolfenbarger*, 453 F.3d 362, 370 (6th Cir. 2006). But he hasn't asked me to set aside his state conviction, so I have no basis to consider whether expungement is part of my remedial power.

Even if I treated Mr. Nellom's claim as a civil rights claim, rather than a habeas petition, the outcome would be the same. A civil rights claim arises under 28 U.S.C. § 1983, which permits a plaintiff to seek relief for the violation of a federal constitutional or statutory right. But, as I've noted, there's no federal right to expungement. It's a state right, and Section 1983 would not apply. He therefore cannot pursue a civil rights action to obtain expungement.

Finally, to the extent Mr. Nellom seeks to assert claims under state law, the Court does not have jurisdiction to hear them. He's not diverse from the Defendants because they are all citizens of Pennsylvania. And I decline to assert supplemental jurisdiction over state law claims at this stage of the case.

**IV.     CONCLUSION**

I will dismiss Mr. Nellom's claims. His federal claims are futile, so I will dismiss them with prejudice. To the extent there are state law claims, I will dismiss them without prejudice because the Court lacks jurisdiction over them. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

November 7, 2024